**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| Minor J.S. by her Next Friend JAMIE SEARCY, AND JAMIE AND NATHAN SEARCY, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:16-cv-04266-NKL |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are Plaintiffs' motions for substitution of party, Doc. 77, and to strike affirmative defenses, Doc. 85. For the following reasons, Plaintiffs' motion for substitution of party, Doc. 77, is granted, and Plaintiffs' motion to strike affirmative defenses, Doc. 85, is denied.

**I.     Background**

In 2012, Plaintiff Jamie Searcy was pregnant with J.S. Jamie had previously delivered two children by C-section. Dr. Nielsen, an obstetrician at Lake Regional Hospital, managed the pregnancy and agreed to attempt to deliver J.S. vaginally. On October 13, 2012, Jamie was admitted to Lake Regional Hospital by Dr. Nielsen for induction of labor and delivery of J.S. By approximately 9:00 a.m. on October 14, 2012, electronic fetal heart monitoring began identifying negative changes in J.S.'s heartbeat. At approximately 9:59 a.m., labor and delivery nurses put Jamie in the operating room and requested STAT assistance for an emergency C-section to deliver J.S. At 10:11 a.m., Dr. Nielsen delivered J.S. via emergency C-section.

Upon delivery, J.S. had no respirations. J.S. was resuscitated and transferred to University of Missouri Children's Hospital where she was diagnosed with cerebral palsy and brain damage from a lack of oxygen during labor and delivery.

Plaintiffs—Minor J.S. and her parents, Jamie and Nathan Searcy—filed this suit on October 13, 2016. Their Complaint, Doc. 1, asserts one count of medical negligence and one count of lost chance of recovery against Defendant, the United States.[1]

The Court previously granted Jamie Searcy's petition to act as Next Friend for the claims of Minor J.S. Doc. 6. Plaintiff Jamie Searcy now seeks to transfer her interest as Next Friend of Minor J.S. to Plaintiff Nathan Searcy, her spouse and the natural father of J.S.[2] Doc. 77. Defendant objects to the extent that it may have the effect of (1) "altering the admissibility of statements of Jamie Searcy as to any of [P]laintiffs' claims," or (2) "diminishing the impact that fault on the part of Jamie Searcy would otherwise have in reducing [D]efendant's liability" to any of the Plaintiffs. Doc. 83, p. 1.

Plaintiffs subsequently moved to strike Defendant's affirmative defenses alleging comparative fault and assumption of risk by Jamie Searcy (defenses twelve and fourteen in Defendant's First Amended Answer), or in the alternative, for partial judgment on the pleadings as to those defenses. Doc. 85.

---

[1] Pursuant to 28 U.S.C. § 1346(b), 28 U.S.C. §§ 2671-2680 and 42 U.S.C. § 233(a), this action against the United States is Plaintiffs' exclusive legal remedy for actions arising against Richland Medical Center, Inc. d/b/a Central Ozarks Medical Center and Dr. Nielsen for conduct within the scope of his employment.

[2] Plaintiffs assert that substitution is permissible under Federal Rule of Civil Procedure 25 but also move, in the alternative, to amend their complaint to name Nathan Searcy as Next Friend under Rule 15.

## II. Discussion

### A. Motion to Strike

The Court has "liberal discretion" to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). However, motions to strike under Rule 12(f) are generally disfavored, and courts infrequently will grant such an "extreme measure." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Judgment on the pleadings is appropriate when "there is no dispute as to any material fact and the party is entitled to judgment as a matter of law." *Ashley v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quotation omitted). In reviewing a motion for judgment on the pleadings under Rule 12(c), the Court must "view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008).

For the following reasons, Plaintiffs' Motion to Strike Defendant's affirmative defenses twelve and fourteen is denied.

### 1. Defendant's Twelfth Affirmative Defense

Plaintiffs seek to strike Defendant's twelfth affirmative defense, which asserts that:

> Plaintiffs' claims are barred or, in the alternative, their recovery from the United States should be reduced in accordance with the comparative fault of Plaintiff Jamie Searcy arising from her insistence on attempting a vaginal after cesarean notwithstanding the warning and advice of Dr. Nielsen.

Doc. 20, p. 12. In essence, Defendant seeks to reduce or bar the claims of all plaintiffs, including J.S. and Nathan Searcy, based on the alleged negligent conduct of Plaintiff Jamie Searcy.

Comparative fault calls for the apportionment of fault amongst all parties to a tort claim. *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. 1983); Uniform Comparative Fault Act ("UCFA"), § 2. Under Missouri's pure comparative fault system, the fault of a plaintiff reduces the liability of the defendant in proportion to the plaintiff's share of the fault. UCFA § 1 ("any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault"); *Cornell v. Texaco, Inc.*, 712 S.W.2d 680, 682 (Mo. banc 1986); *Earll v. Consolidated Aluminum Corp.*, 714 S.W. 2d 932, 937 (Mo. Ct. App. 1986) ("[W]here there is evidence that the conduct of both parties combined and contributed to cause damage, the fact finder should not be precluded from comparing the respective contributions toward such causation made by each."). The underlying theory is that a "defendant is not forced to bear an unfair burden." *Patton By & Through Menne v. Mayes*, 954 S.W.2d 394, 395 (Mo. Ct. App. 1997).

The parties' briefing raises three issues relevant to Plaintiffs' motion to strike: i) whether the fault of Jamie Searcy is imputed to co-plaintiffs J.S. and Nathan Searcy for the purpose of reducing their recovery; ii) whether the fault of Jamie Searcy can be applied to reduce her recovery on her derivative claim for medical expenses; and iii) whether, even if Jamie Searcy's fault is not imputed to her co-plaintiffs, apportionment of fault amongst the parties is otherwise required under pure comparative fault principles.

      **i.**    **Imputation of Jamie Searcy's Fault to J.S. and Nathan Searcy**

Plaintiffs argue that Jamie Searcy's alleged negligence cannot be used to reduce or bar recovery for J.S.'s claims because a parent's negligence cannot be imputed to a child. *See Chicago G.W.R. Co. v. Kowalski*, 92 F. 310 (8th Cir. 1899); *Profit v. Chicago G.W.R. Co.*, 91 Mo. App. 369, 377 (Mo. App. 1902) ("[T]he rule of imputing negligence of the parent on the infant child

4

does not prevail in this State. The child, however young and helpless, and however dependent upon the parent for care and protection, is nevertheless a separate entity.").

In response, Defendant asserts that "if J.S's injury was derivative of the injury to Jamie Searcy, Jamie Searcy's fault is chargeable to J.S. in her claim," and that *Kowalski* and *Profit* are not determinative. Doc. 92, p. 4. Defendant argues that J.S.'s injuries are derivative of the injury to Jamie Searcy because the hypoxia suffered by J.S. resulted from Jamie Searcy's uterine rupture, and any duty owed by Dr. Nielsen to Jamie Searcy's unborn child was "entirely derivative of and intertwined with his duty to Jamie Searcy." Doc. 92, pp. 5–6. Defendant analogizes J.S. to a third-party beneficiary to a contract between Jamie Searcy and Dr. Nielson such that J.S.'s rights vis-à-vis Dr. Nielsen are derivative of her mother's and generally subject to the same defenses Defendant would have against Jamie Searcy.

However, Defendant's derivative argument conflates case law regarding derivative claims with notions of derivative injury. In the cases cited by Defendant in support of its derivative argument, *Patton*, *Thompson*, and *Littleton*, the fault of the injured or primary party reduced the recovery of the derivative party seeking to assert a derivative claim. *See Patton*, 954 S.W.2d at 395 (finding 50% reduction of mother's derivative claim to recover medical expenses proper where child was assessed 50% comparative fault); *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 86, 128 (Mo. App. 2006) (affirming reduction of wife's loss of consortium claim by the comparative fault percentage assessed to her husband); *Littleton v. McNeely*, No. 05-4313 CVCMKL, 2007 WL 3027578 at *3 (W.D. Mo. 2007), *rev'd in part on other grounds*, 562 F.3d 880 (8th Cir. 2009) (reducing loss of consortium damages by percentage of fault allocated to injured spouse).

5

Here, however, J.S. is the primary injured party. The claims of Jamie and Nathan Searcy for medical expenses are derivative of, *i.e.,* arise out of, J.S.'s primary claim of injury. In other words, the question is not whether Minor J.S's hypoxia was derivative of Jamie Searcy's uterine rupture, but whether J.S.'s legal claim for personal injury is derivative of Jamie Searcy's legal claim for medical expenses. *See e.g.*, *Patton*, 954 S.W.2d at 395. It is not. Thus, while J.S.'s fault, if any, could diminish Jamie Searcy's recovery for medical expenses, there is no legal basis for permitting Jamie Searcy's fault to reduce J.S.'s recovery or Nathan Searcy's recovery. Jamie Searcy's fault cannot be imputed to J.S. or Nathan Searcy.

### ii. Jamie Searcy's Derivative Claim

Jamie Searcy's comparative fault may, however, be used to reduce her recovery by the percentage of fault allocated to her for claims raised in her individual capacity for past and future medical expenses. This is because comparative fault principles require the Court to diminish proportionately the amount awarded for an injury attributable to the claimant's own comparative fault, regardless of the nature of her claim. *See Gustafson*, 661 S.W.2d at 11. This result is consistent with Missouri precedent. *See e.g.*, *Lester v. Sayles*, 850 S.W.2d 858, 875 (Mo. 1993) (affirming judgment reducing mother's recovery for derivative claims by the percentage of comparative fault allocated to her); *Berry v. St. Louis, M. & S.E.R. Co.*, 214 Mo. 593, 114 S.W. 27, 31 (1908) ("If parents sue in their own right to recover damages for injury to their child, a negligent defendant may defend by proving their concurrent negligence."); *Neff v. City of Cameron*, 213 Mo. 350, 111 S.W. 1139, 1142 (1908) ("It is not too strongly put, to say that the doctrine of this court is settled that negligence of the parent cannot be imputed to an infant where the infant sues in its own right for a wrong done. . . . If the parent sues in his own right, a radically different situation is presented.").

### iii. Apportionment of Fault

Defendant also argues that its comparative fault defense is valid as to all Plaintiffs even if Jamie Searcy's fault is not imputed, because under Missouri comparative fault principles Defendant is entitled to an apportionment of fault between Dr. Nielsen and Jamie Searcy on all claims.[3] Section 2(a)(2) of the UCFA provides that percentages of fault are to be allocated across "all of the parties" to each claim; apportionment of fault is not limited to a single plaintiff. Plaintiffs' counter that a "defendant may not limit the recovery of one plaintiff based on the negligent conduct of a fellow plaintiff." Doc. [85], pp. 3, 4. The case law, however, appears to permit apportionment of fault against any party to the action, so long as comparative fault is alleged. *See Walley v. La Plata Volunteer Fire Dep't*, 368 S.W.3d 224, 229 (Mo. App. 2012) ("comparative fault requires the jury be given the responsibility of assessing the relative fault of *the parties*") (internal quotations omitted) (emphasis added); *Kansas City Power & Light v. Bibb & Assoc., Inc.*, 197 S.W.3d 147, 159 (Mo. App. W.D. 2006) ("fault is only to be apportioned among those at trial"); *Coleman v. Mantia*, 25 S.W.3d 675, 677 (Mo. Ct. App. 2000) (finding improper the reduction of plaintiff's damages by percentage of fault assigned to fellow plaintiff where defendant failed to plead principles of comparative fault and those issues were not tried by consent).

---

[3] Defendant also argues that Plaintiffs should be treated as a single party, as permitted under Section 2(a)(2) of the UCFA. However, comments to the UCFA make clear that the intent of Section 2(a)(2) was to account for situations such as that of a "principal and agent, driver and owner of a car, or manufacturer and retailer of a product," not parent and child, which do not share a similar principal/agent relationship and are two separate and distinct entities. *See Profit*, 91 Mo. App. at 377.

While Jamie Searcy's status as Next Friend does not make her a party to the action,[4] she has raised claims for recovery of past and future medical expenses individually. Defendant's affirmative defense provided Plaintiffs with adequate notice that it was seeking apportionment of fault under Section 2 of the UCFA. Because Jamie Searcy is a party to the action in her own right and her comparative fault has been alleged, her fault may be considered for apportionment. Thus, although Jamie Searcy's negligence is not imputed to all Plaintiffs, Defendant is entitled to an apportionment of fault amongst all the parties. The question of whether apportionment will result in a reduction of collectable damages, however, remains dependent upon the percentages of fault allocated as dictated by Missouri's joint and several liability statute. *See* MO Rev Stat § 537.067. Plaintiffs' Motion to Strike or, in the alternative, for partial judgment with respect to affirmative defense twelve is denied because the law forecloses the first request and a dispute of facts precludes the second request.

### 2. Defendant's Fourteenth Affirmative Defense

Plaintiffs also seek to strike Defendant's fourteenth affirmative defense, which asserts that "Plaintiff Jamie Searcy assumed the risk of the injuries alleged by her insistence on attempting a vaginal birth after cesarean notwithstanding the warning and advice of Dr. Nielsen." Doc. 20, p. 13. With this defense, Defendant again seeks to reduce or bar the claims of all plaintiffs based on Jamie Searcy's assumption of risk.

Assumption of risk is an affirmative defense that requires proof that the plaintiff knew of the risk, understood the nature of the risk, and decided to voluntarily and freely incur the risk. *Strang v. Deere & Co.*, 796 S.W.2d 908, 916 (Mo. App. 1990). There are three types of

---

[4] *Morgan v. Potter*, 157 U.S. 195, 198 (1895) ("It is the infant, and not the next friend, who is the real and proper party.").

assumption of risk: express, implied primary, and implied secondary. *Coomer v. Kansas City Royals Baseball Corp.*, 437 S.W.3d 184, 193 (Mo. Banc 2014). But after *Gustafson*, implied secondary assumption of risk is covered under Missouri's adoption of comparative fault and requires a trier of fact to compare any fault on the part of the plaintiff and defendant. *Hoffman v. NTW, LLC*, No. 4:14 CV 1558 DDN, 2016 WL 1046896, at *7 (E.D. Mo. Mar 16, 2016).

While the parties dispute the type of assumption of risk at play, both parties agree that if implied secondary assumption of risk is at issue, comparative fault principles apply. Because comparative fault principles provide for the apportionment of fault amongst all the parties, affirmative defense fourteen survives Plaintiffs' motion to strike.

However, for the reasons discussed above, Jamie Searcy's assumption of risk cannot be imputed to J.S. and Nathan Searcy.

Plaintiffs' Motion to Strike Defendant's affirmative defenses twelve and fourteen is denied.

### B. Motion to Substitute

In addition to the issues addressed by the parties' briefing on the motion to strike, Defendant opposed substitution to the extent that it would impact the admissibility of Jamie Searcy's statements and on the ground that it is unnecessary.

Turning first to Jamie Searcy's statements, Defendant expressed concern that Plaintiffs' substitution of Nathan Searcy as Next Friend may be an attempt to exclude statements made by Jamie Searcy, which Defendant argues should be admissible for the truth of the matter against Minor J.S. However, the law is clear that a "child, however young and helpless, and however dependent upon the parent for care and protection, is nevertheless a separate entity" from her mother. *Profit*, 91 Mo. App. at 377. An individual appointed as Next Friend lends her name to appear in the lawsuit solely for the benefit of the minor plaintiff, but is not herself a party to the

lawsuit. *Morgan*, 157 U.S. at 198; *Next Friend*, Black's Law Dictionary (10th ed. 2014). Therefore, whether Jamie Searcy is Next Friend or not, her statements are not attributable to J.S.

Having determined that Jamie Searcy's status as Next Friend has no effect on apportionment of fault amongst the parties or the admissibility of her statements, the Court sees no reason to deny Plaintiffs' motion to substitute. There has been no assertion that Nathan Searcy is unfit to serve as Next Friend, nor has there been any assertion that transfer of the interest to Nathan Searcy would not be in the best interest of J.S. Therefore, Plaintiffs' motion to substitute Nathan Searcy as Next Friend to J.S. is granted.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion for substitution of party, Doc. 77, is granted. Plaintiffs' motion to strike affirmative defenses, Doc. 85, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  August 6, 2018
Jefferson City, Missouri