IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Minor J.S. by her Next Friend NATHAN SEARCY, and JAMIE and NATHAN SEARCY, Individually,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | Case No. 16-4266-CV-C-NKL |

## MOTION AND PETITION FOR APPROVAL
## OF PROPOSED SETTLEMENT INVOLVING MINOR J.S.

COMES NOW Plaintiff, Nathan Searcy, as Next Friend of J.S., a minor, and Plaintiffs Nathan and Jamie Searcy, Individually, by and through counsel, and hereby move and petition the Court to approve a proposed settlement in this matter with Defendant United States of America, and in support thereof Plaintiffs state as follows:

1. This matter had been set for trial September 17, 2018, and prior to trial a proposed settlement was reached with the United States of America ("United States"), hereinafter referred to as the "Settlement." The Settlement presented for approval herein, at hearing scheduled on January 11, 2019, will resolve all claims of minor J.S. and the claims of Jamie Searcy and Nathan Searcy, individually and as parents of minor J.S., against the above Defendant only. Plaintiffs' claims remain pending against Defendant Lake Regional Health System in Case No. 14CM-CC00184 in the Circuit Court of Camden County, Missouri.

2. The claims of Plaintiffs herein, arose out of medical treatment rendered to minor child J.S. by Defendant's employee or agent, on or about her delivery in 2012.

3. Defendant continues to contest liability, causation, and damages in this matter.

4. The terms of the proposed Settlement of all claims relating to Defendant United

- 1 -

States are as set out and contained in the Stipulation for Compromise Settlement and Release ("Stipulation") and Irrevocable Inter Vivos Grantor Reversionary Medical Care Trust ("Reversionary Trust") marked as **Exhibit A and Exhibit B**, which are provided to the Court.

5. **Exhibit C,** which will be provided to the Court**,** contains a recitation of gross monetary amounts of the settlement proposed with Defendant United States both to the minor J.S. and Jamie Searcy and Nathan Searcy, individually and as parents of the minor J.S., as well as a pro rata calculation of attorneys' fees and expenses, and amounts withheld from said settlement, pending resolution of a Medicaid lien and any other lien or claim for payment or reimbursement, and calculations of the proposed net settlement, after payment of attorneys' fees, expenses, and resolution of any liens or claims for payment or reimbursement.

6. Nathan Searcy, the natural father of minor J.S., has been duly appointed by the Court as Next Friend for minor J.S. (Doc. 108). Said Next Friend is empowered under Missouri law, and specifically §507.184 RSMo., subject to approval by this Court, to contract on behalf of minor J.S., for settlement of said minor's claim and cause of action herein.

7. Pursuant to Missouri law, and specifically §507.184(3) RSMo., the Court shall have the power and authority to hear evidence on, and either approve or disapprove a proposed contract to settle this action and claim of minor J.S., to authorize and order the Next Friend to execute and sign a release or satisfaction and discharge of judgment, as well as the power and authority to approve the fee contract between the Next Friend and Plaintiffs' counsel, and to Order the Next Friend to pay the attorneys' fees and expenses which have been reasonably incurred in connection with the preparation and prosecution of the action or claim.

8. Plaintiffs have entered into a written agreement with their attorneys, however, the attorneys' fees as to the Plaintiffs' Federal Tort Claims Act action against Defendant United States, are capped at twenty-five percent (25%) by 28 U.S.C. §2678. Accordingly, the fee amount

represented in **Exhibit C** does not exceed the statutory cap of twenty-five percent. Further, Plaintiffs state that the law firm of Votava Nantz & Johnson, LLC was lawfully employed and retained to represent minor J.S. by natural parent and Next Friend Nathan Searcy, in this complex medical negligence cause of action, and that aforementioned counsel for Plaintiffs has in fact represented the interests of minor J.S., and that said services directly resulted in the settlement referred to herein, such that it is reasonable and proper for said law firm to be paid such attorneys' fees for services rendered, in the amounts as more fully set forth in **Exhibit C**.

9. Plaintiffs further state that the above employment agreement provides for the reimbursement of all expenses reasonably incurred in the preparation and prosecution of the claim, and that Plaintiffs' counsel has incurred such reasonable and proper expense in the prosecution of this litigation including but not limited to, expenses for multiple depositions of treating health care providers, the reports and depositions of Plaintiffs' retained experts, the depositions of multiple experts of Defendant, multiple mediations and for other costs of litigation in this matter in amounts that are more fully set forth in **Exhibit C**, and Plaintiffs state that it is reasonable and proper for said law firm to be reimbursed for such expenses in the amounts as more fully set forth in **Exhibit C**.

10. Nathan Searcy as duly appointed Next Friend, states to the Court that having investigated fully the facts and circumstances with reference to the claims herein, and consulted with the aforementioned attorneys, and with reference to the personal injuries sustained by J.S., has determined and believes that liability for the above occurrence, and causation for injuries resulting or relating thereto on the part of Defendant United States, was and is contested, and that considering all the facts and circumstances, including the complexity of the case, and the relative uncertainty of trial, that it is and will be reasonable and proper, and in and for the best interest of minor J.S., to fully and finally settle the aforementioned claims on the proposed terms, and has

reached and agreed to the proposed settlement, the terms of which are more fully set forth in **Exhibits A and B,** subject to approval by the Court and subsequent approval by the Attorney General of the United States, or his designee, and hereby requests that such settlement be approved.

11. The proposed settlement acknowledges that Plaintiff will be responsible for the payment of all liens and all claims for payment or reimbursement related to the treatment of J.S, and determined to be applicable to the settlement proceeds. The Missouri Department of Social Services (the "Department") has asserted a lien, or through its contractor has asserted a statutory right to recovery or reimbursement against a portion of the settlement proceeds, applicable to minor J.S., in the amounts set forth in **Exhibit D** (which is to be marked for identification and offered at hearing). Minor J.S., by and through Next Friend Nathan Searcy, shall petition for a determination and reduction of the above lien or asserted right to recovery or reimbursement in a separate action pursuant to §208.215 RSMo, or otherwise resolve said lien(s) or asserted right to recovery. The full amount(s) of said asserted lien(s) or right to recovery or reimbursement, as more fully set forth in **Exhibits C and D,** shall be withheld by Plaintiffs' counsel, Votava Nantz & Johnson, LLC in its Trust Account, until resolution and/or reduction of the lien(s), and subject to later disbursement of such proceeds, if any, that remain after resolution or satisfaction of the lien(s). Other than said lien or assertion of right to recovery by the Missouri Department of Social Services, Plaintiffs represent that, after a diligent search, they are unaware of any other currently known liens or claims for payment or reimbursement related to the treatment of J.S.

12. Nathan Searcy as Next Friend of minor J.S., hereby requests that the Court approve payment of the above reasonable and necessary attorneys' fees and expenses, as more fully set forth in amounts listed in **Exhibit C.**

13. Plaintiff's Next Friend acknowledges that Plaintiffs have a right to trial by judge in this matter and that by settling these claims and causes of action, as outlined above, subject to the

Court's approval, the right to trial by judge has been waived.

14. The proposed settlement, includes payment of sums certain by Defendant United States, after deduction of the aforementioned case expenses and attorneys' fees, and liens as more fully set forth above. Plaintiffs further petition the Court to approve the settlement with Defendant United States, in the gross amounts allocated and set forth in **Exhibits A and C.**

15. The net settlement amounts due Plaintiffs, after payment by Defendant United States of the amounts set forth in **Exhibit A**, and after payment of attorneys' fees and expenses therefrom, and amounts withheld pending satisfaction of the known liens and claims for payment or reimbursement, as more fully set forth in **Exhibit C,** shall be held in the client trust account of Plaintiffs' attorneys, and from there paid into (1) the *inter vivos* Trust (The J.S. Complementary Inter Vivos Trust), for settlement amounts attributable to the claims brought on behalf of minor J.S., which Plaintiffs respectfully request the Court to Order and establish, pursuant to §475.092 RSMo, and separate Motion, for the benefit of minor J.S.; and (2) directly to Jamie Searcy and Nathan Searcy for settlement amounts attributable to the claims brought by them as individuals and as parents of minor J.S. as more fully set forth in **Exhibit C**.

16. The net settlement amount due minor J.S., after establishment by Defendant United States as Grantor, of a Reversionary Trust for the benefit of J.S., as set forth more fully in paragraph 3 of **Exhibit A** (at p. 2) and in the proposed Reversionary Trust document attached as Exhibit B, and after payment by Defendant United States of the "Up Front Cash" amounts set forth in **Exhibit A**, and after payment of attorneys' fees and expenses, and amounts withheld pending satisfaction of the known liens, as more fully set forth in **Exhibit C,** said net settlement amount shall be paid into the above proposed *inter vivos* Trust, for the benefit of minor J.S.

17. Nathan Searcy, as natural parent and Next Friend, will receive no money belonging to minor J.S. from the above net proceeds, which, after payment of attorneys' fees, expenses, and

- 5 -

satisfaction of liens, will be paid into the above Trusts, and which will be managed for the exclusive and benefit of minor J.S., through her lifetime, by the Trustee(s) thereof, and under the Terms of said Trusts.

18. Said Next Friend will execute an authorization to endorse to the law firm of Votava Nantz & Johnson, LLC, such that all gross settlement proceeds payable to the minor J.S. will be directly deposited in the client trust account of said law firm without receipt by the Next Friend.

19. The Next Friend of J.S., will not "receive" nor be in "receipt" of any money or property of said minor, and no such money or property of said minor will "come into" the "hands" of said Next Friend, as such phrases are used in §§ 507.150, and 507.188 RSMo, and, therefore, the settlement does not invoke any provisions requiring bond or conservatorship under §§ 507.150 and 507.188 RSMo, and that neither a conservatorship estate nor bond is required by Order of this Court to effect the settlement herein on behalf of J.S., and the settlement funds paid herein are not subject to a conservatorship estate.

20. Further, pursuant to §475.092(2), the Court, without appointing a conservator, may authorize, direct, or ratify the transactions proposed herein upon finding that such a transaction is in the best interests of minor J.S.

21. Nathan Searcy, natural father of minor J.S., and Jamie Searcy, the natural mother of minor J.S. have pursued individual causes of action in their own behalf and have settled such claims and have agreed to release such claims in the Stipulation. The settlement amounts attributable to these individual causes of action of the parents are separate and apart from any settlement amounts belonging to the minor J.S. and are identified in **Exhibit C** and do not violate Sections 507.150 and 507.188, R.S.Mo.

22. The provisions of the proposed settlement have taken into account the only potential known creditor of Plaintiffs, The Missouri Department of Social Services (the

"Department"), which has asserted a lien or statutory right to recovery or reimbursement against a portion of the settlement proceeds, as more fully set forth in paragraph 12 above; Plaintiff is a minor with no dependents; and therefore, neither a conservator nor a special conservator needs to be appointed to effect the settlement herein, as contemplated in § 475.092(3) R.S.Mo.

23. The payments belonging to minor J.S. herein requested to be ordered or acknowledged hereafter to the attorneys for J.S., and to the Trustees of each Trust established pursuant to this Settlement for the benefit of J.S., are all paid to said persons or entities either directly, or by Order of this Court, and without receipt of same by J.S., or by her Next Friend.

WHEREFORE, Plaintiff Nathan Searcy, as Next Friend of J.S., a minor, petitions and moves this Court to approve the proposed Settlement as fair, reasonable and in the best interests of minor J.S., and to Order, find, and provide for the following:

(A) Approval of the proposed Settlement between the parties, subject to the approval of the Attorney General of the United States, and that Defendant United States shall tender all settlement amounts due to Plaintiffs, subject to funding pursuant to 42 U.S.C. § 233(k), and pay all amounts in accordance with the terms of the Stipulation as more fully set forth in **Exhibit A,** consistent with the proposed Order, the substance of which is attached as **Exhibit E** and which will be separately submitted in a Word format by the United States;

(B) Approval and payment of the above attorneys' fees as reasonable, and subject to the applicable aforementioned statutory limit as to Plaintiffs' FTCA claim against Defendant United States, and in the amounts as more fully set forth in **Exhibit C**;

(C) Approval as reasonable, and an Order for the payment and reimbursement to the law firm of Votava Nantz & Johnson, LLC of their expenses incurred in the prosecution of this lawsuit, in the sums set forth in **Exhibit C**, and the balance, if any remains, of amounts held in the Trust Account by the law firm of Votava Nantz & Johnson, LLC for pending reasonable litigation

expenses in resolution of the aforementioned Medicaid lien(s) and conditions of settlement, after reduction and payment of such expenses, as more fully set forth in **Exhibit C,** shall be payable to, The J.S. Complementary Inter Vivos Trust, as set forth by separate Order of the Court;

(D)     A finding and Order that amounts sufficient to satisfy the known asserted Medicaid lien, as more fully set forth in **Exhibit C**, and **Exhibit D**, are to be withheld by Plaintiffs' attorneys, Votava Nantz & Johnson, LLC in their client trust account, pending resolution of a separate action to resolve and/or reduce the aforementioned Medicaid lien(s), and thereafter, such amount, if any remaining after satisfaction of said lien, is to be paid from said Trust Account to the J.S. Complementary Inter Vivos Trust as set forth by separate Order of the Court**;**

(E)     A finding and Order that after deduction for payment of attorneys' fees and expenses, and amounts withheld pending resolution of liens, as set forth above, any and all the remaining net proceeds of the settlement attributable to the causes of action prosecuted on behalf of minor J.S. be used to fund, and be Ordered paid into The J.S. Complementary Inter Vivos Trust**,** as set forth by separate Order of the Court;

(F)     A finding and Order that after deduction for payment of attorneys' fees and expenses, and amounts withheld pending resolution of liens, as set forth above, any and all the remaining net proceeds of the settlement attributable to the causes of action prosecuted by Jamie Searcy and Nathan Searcy, individually and as parents of minor J.S., be paid to them directly by their attorneys.

(G)     That upon satisfaction by Defendant United States the terms as set forth in Exhibit A as set forth more fully in paragraph 3 of **Exhibit A** (at p. 2) and in the proposed Reversionary Trust document attached to **Exhibit B**, and after payment by Defendant United States of the "Up Front Cash" amounts set forth in **Exhibit A**, and after payment of attorneys' fees and expenses, and amounts withheld pending satisfaction of the known liens, as more fully set forth in **Exhibit**

**C,** said net settlement amount shall be paid into the above proposed *inter vivos* Trust, for the benefit of minor J.S., as set forth by separate Order of the Court**;**

(H) Nathan Searcy, Next Friend, shall execute the applicable proposed Stipulation in favor of Defendant United States pursuant to the terms of **Exhibit A,** and sign the Reversionary Trust document, **Exhibit B**;

(I) That the Trustee of the Reversionary Trust proposed herein, upon the funding of each such Trust, report and account for said funding(s), and that thereafter, the Next Friend shall be discharged; and

(J) That each party is to bear its own taxable costs, fees and expenses and that this Court not retain jurisdiction over the above-captioned action, the settlement, or the United States.

**Respectfully submitted,**

**VOTAVA NANTZ & JOHNSON, LLC**

**BY:** */s/ Brett Votava*
**BRETT VOTAVA      MO #51228**
**TODD JOHNSON      MO #48824**
**9237 Ward Parkway, Suite 240**
**Kansas City, MO 64114**
**(816) 895-8800**
**(816) 895-8801 (FAX)**
bvotava@vnjlaw.com
tjohnson@vnjlaw.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by the operation of the Court's electronic filing system this 13th day of February 2019 to:

Charles M. Thomas
Assistant United States Attorney
Charles Evans Whitaker Courthouse
400 E. 9th Street, Room 5510
Kansas City, MO 64106
charles.thomas@usdoj.gov

Jennifer Gans
US Dept. of Justice
Civil Division, Torts Branch
U.S. Department of Justice
Civil Division, Torts Branch
3CON, 11th Floor
175 N Street NE
Washington, DC 20002
jennifer.h.gans@usdoj.gov

ATTORNEYS FOR UNITED STATES


*/s/ Brett Votava*
Attorney for Plaintiffs

- 10 -

Case 2:16-cv-04266-NKL   Document 143   Filed 02/13/19   Page 10 of 10