# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| Minor J.S. by her Next Friend NATHAN SEARCY, and JAMIE and NATHAN SEARCY, Individually, <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:16-cv-04266-NKL |

## ORDER

On February 14, 2019, United States Magistrate Judge Willie J. Epps, Jr. recommended that Plaintiffs' motion for approval of settlement, Doc. 143, and petition for establishment of a complementary inter vivos trust for the benefit of minor J.S. pursuant to Mo. Rev. Stat. § 475.092, Doc. 144, be granted. A de novo review of the record has convinced the Court that the recommendation of the Magistrate Judge is correct and should be adopted.

The Court having reviewed the record and the evidence and exhibits adduced, including the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 and Trust Agreement (attached as "Exhibit 1"), hereby finds that:

1. The Court is empowered under Missouri law, without appointment of a conservator, to authorize, direct, or ratify protective arrangement for a minor, including the establishment of an *inter vivos* trust, if the Court determines that it is in the best interests of the minor, and such action otherwise would be within the power of the Court. Mo. Rev. Stat. § 475.092.2.

2. The establishment of the inter vivos trust proposed herein is consistent with Missouri law, and specifically § 475.092, providing for protective arrangements concerning a minor and transactions relating to or involving the financial affairs or estates of such minors, without appointment of a conservator.

3. Nathan Searcy, the natural father of minor J.S., has been duly appointed as Next Friend for minor J.S. Doc. 108. Said Next Friend is empowered under Missouri law, and specifically Mo. Rev. Stat. § 507.184, to contract on behalf of minor J.S., for settlement of said minor's claim and cause of action herein, subject to approval by the Court, and has moved and petitioned the Court for such approval. As Next Friend, Nathan Searcy believes that the settlement proposed in this case, and the establishment of the complementary inter vivos trust, is in J.S.'s best interests.

4. The Next Friend will not receive in or into his hands any money or property of minor J.S., in any amount, as contemplated as a condition precedent for appointment of conservator or requirements of bond in Mo. Rev. Stat. §§ 507.150 and 507.188. The Court finds that the separate settlement amounts being paid by Defendant USA to Plaintiffs Jamie Searcy and Nathan Searcy, in their individual capacities, for their separate causes of action against Defendant USA do not violate these provisions. Mo. Rev. Stat. § 507.188.1 further states that the Court "may" provide for disposition of proceeds of such minor's claims in the alternative manners provided for under § 475.330; however, the statute also states that the provisions of Chapter 475 "shall" apply to such dispositions.

5. Without appointment of a conservator, the Court is empowered by Missouri law under Chapter 475, to "direct or ratify any transaction necessary or desirable to achieve any security, service or care arrangement" that will meet the foreseeable needs of J.S., Mo. Rev. Stat.

§ 475.092.1, and that J.S. will have significant future needs, such that the proposed trust is a desirable means to achieve security for and provide for such needs.

6. Pursuant to § 475.092.2, without appointing a conservator, the Court may authorize, direct or ratify the protective arrangement of the *inter vivos* trust proposed herein upon finding that such a transaction is in the best interests of J.S., and the Court so finds.

7. Establishment of said trust is not detrimental to any party or entity. The provisions of the proposed settlement in this case have taken into account the only potential known creditor of minor Plaintiff, The Missouri Department of Social Services (the "Department"), which has asserted a lien or statutory right to recovery or reimbursement against a portion of the settlement proceeds. Such lien or right of recovery will be satisfied or resolved under the terms of the settlement approved by the Court. J.S. will not further qualify for Medicaid so long as assets remain in the proposed trust, and will receive no further payments of benefits therefrom, and the trust proposed herein is not intended to, and does not qualify as, a Medicaid Special Needs Trust under the provisions of 42 U.S.C. § 1396p(d)(4). Moreover, J.S. is a minor with no dependents. The proposed trust herein further provides for payment of "any outstanding debts of the Trust" as well as requiring "any legally enforceable lien" to be repaid, prior to distribution of any remaining trust assets through a decedent's estate. Exhibit 1, Section III.B, p. 8. All of J.S.'s financial proceeds from the settlement in this case will be protected by two separate trusts administered by two separate trustees under a fiduciary duty to J.S.—a Reversionary Trust established by settlement with Defendant USA, and the proposed J.S. Complementary Inter Vivos Trust, such that neither a conservator nor a special conservator needs to be appointed under Mo. Rev. Stat. § 475.092.3.

8. The J.S. Complementary Inter Vivos Trust, Exhibit 1 hereto, is necessary or desirable to achieve security and the foreseeable needs of minor J.S., and said Trust is in the best interest of J.S.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Report and Recommendation of February 14, 2019, Doc. 150, is adopted, with the caveat that the Court strikes the word "such" in paragraph 8 on page 3 of the Report and Recommendation in accordance with the parties' qualified waiver of objection, Doc. 152;

2. Plaintiffs' motion for approval of settlement, Doc. 143, is granted;

3. Plaintiffs' petition for the establishment of a complementary inter vivos trust for the benefit of minor J.S., Doc. 144, is granted;

4. The J.S. Complementary Inter Vivos Trust (Exhibit 1), is hereby directed and ordered established pursuant to Mo. Rev. Stat. § 475.092, without appointment of a conservator;

5. No net proceeds of the settlement belonging to minor J.S. and attributable to the causes of action brought on behalf of J.S. by her Next Friend are to be paid, or payable to, or received by, the Next Friend, the Next Friend being ordered to execute an authorization to endorse any and all settlement checks to Plaintiffs' attorneys for deposit into their client trust account;

6. All net proceeds due minor J.S. from the settlement approved by the Court herein, after satisfaction of attorneys' fees and expenses, and resolution or satisfaction of liens, shall be paid to First Banker's Trust Services, Inc., from the client trust account of Plaintiffs' attorneys, to fund the J.S. Complementary Inter Vivos Trust;

7. All net proceeds due Jamie Searcy and Nathan Searcy, individually, from the settlement approved by the Court herein, after satisfaction of attorneys' fees and expenses, and resolution or satisfaction of liens, shall be paid to Jamie Searcy and Nathan Searcy directly;

8. Any such portion of said net sums derived from settlement with Defendant USA belonging to minor J.S., shall only be disbursed from Plaintiffs' attorneys' client trust account to the Trustee of the J.S. Complementary Inter Vivos Trust, subject to the terms and conditions set forth in Paragraph 3.a of the Stipulation for settlement with Defendant USA, as approved by the Court herein;

9. Upon funding of the J.S. Complementary Inter Vivos Trust, by the above net sums, the Trustee, First Bankers Trust Services, Inc., shall report and account for the funding of said trust, and thereafter, the Next Friend shall be discharged; and

10. The J.S. Complementary Inter Vivos Trust shall be operative as of 5 p.m. on the date of this order.

SO ORDERED:

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 25, 2019
Jefferson City, Missouri